VICENTE USERA, Plaintiff and Appellant, v. JULIO BENVENUTTI, Defendant and Appellee; ISABEL TORRES DE AMY, Intervener and Appellee.

No. 6184.   Argued June 2, 1933.—Decided July 18, 1933.

A. *Fiol Negrón* for appellant. *M. A. Martínez Dávila* for defendant in the main action. *C. Domínguez Rubio* for intervener.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Vicente Usera brought an action against Julio Benvenutti to recover the sum of $1,255.97. In order to secure the effectiveness of any judgment that might be rendered, there were attached 90 head of cattle belonging to the defendant, and Fernando H. Usera was appointed depositary thereof. Both parties agreed to the sale of the attached cattle, and after such sale was made, the proceeds thereof—$2,295.76—were deposited with the clerk of the court.

At this stage, Fernando H. Usera filed a motion and alleged that in his capacity as depositary of the attached cattle he had arranged for its care in a farm of Vicente Usera for a monthly charge of $1.50 per head; that two head of cattle had disappeared and two had died; that he owed Vicente Usera the sum of $1,165.16 for the care of the cattle; that he had paid $6 to a laborer and $10 for the use of an automobile to attend the auction; and that the said expenses —$1,181.16—do not constitute costs, but lawful expenses incurred in the preservation of the attached property. He prayed for an order of the court directing the clerk to issue a check in his favor for the said sum out of the proceeds of the sale.

The defendant objected to that motion and alleged that the depositary had no capacity to appear in the suit and directly claim the said sum; that the plaintiff Vicente Usera is the person bound to pay the expenses incurred in the care of the cattle, attached at his request, with the right to later recover said expenses if successful in the suit; that the depositary had no right to enter into any agreement regarding the charges to be collected for the care of the cat-

tle without an authorization from the court; that the maintenance furnished is not worth $1.50 per head, but only 75¢; and that the alleged loss of the head of cattle had not been proved.

Isabel Torres de Amy applied for leave to intervene claiming an interest in the matter by reason of the attachment which she had levied on any surplus that might result in the value of the cattle after covering the liability for which the same was answerable in the main action, and also because she had instituted intervention proceedings against the plaintiff Usera claiming priority over Usera with respect to the same cattle attached by him. The petitioner was granted leave to intervene, and she opposed the motion filed by the depositary on grounds similar to those raised by defendant Benvenutti.

Then follows a motion of the plaintiff for the setting of certain motions, including the one to recover the expenses which we have already mentioned, and immediately thereafter the decision of the court, which in its pertinent part reads as follows: ". . . the motion to recover the expenses incurred in the care of the cattle is denied, with costs to the moving party; . . ."

The above decision purports to be based on an opinion which is not included in the transcript. The latter concludes with the notice of appeal of the plaintiff and of the depositary, and with a statement of the case covering two pages from which we take the following extract:

"That said motion having been set for hearing and argument, both the defendant Julio Benvenutti and the intervener Isabel Torres de Amy objected to it through their respective attorneys, M. Martínez Dávila and C. Domínguez Rubio.

"The court denied the motion of the depositary, and from that decision an appeal has been taken to the Supreme Court by the plaintiff and the depositary."

A motion to dismiss the appeal was filed, and pending the determination of such motion, the appeal was heard on the merits.

There is nothing in the record to show the grounds on which the denial of the motion in question was based. The averments of the motion were controverted and they required proof. We do not know the character of the evidence. From the statement of the case it does not appear that any evidence was even offered. Under these circumstances, it might suffice to say that the presumption of regularity which attaches to the order of the court has not been overcome, and hence a dismissal of the appeal lies.

It is in the brief filed by the intervener Isabel Torres de Amy that we find the grounds relied on by the court for entering the order appealed from. In that brief a part of the opinion is copied, thus:

"The second question raised refers to the motion filed by the depositary of the cattle for the recovery of the expenses incurred in its maintenance. Regarding this question we are of the opinion that the motion is now premature, since no one can be adjuged to pay said expenses and disbursements until this court decides by a final judgment who is liable for them; and besides we think that the contractual relations established between the plaintiff Vicente Usera and the depositary of the attached property, Fernando H. Usera, at present can not affect defendant Julio Benvenutti, who is a third person and not bound by anything until a judgment has been entered, adjudging him to pay the amount claimed and the expenses and disbursements incurred by reason of the present action."

The ruling made by the district court is logically based. Perhaps it can not govern all cases (*Rodríguez* v. *District Court,* 31 P.R.R. 659), but when applied to the case at bar it is really just, since the person to whom the depositary says he owes the money for the care of the cattle is the plaintiff himself, at whose request the attachment was levied in order to secure the effectiveness of any judgment that might be rendered in his favor.

The order appealed from must be affirmed.